# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2013

Lyle W. Cayce
Clerk

No. 12-51159
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR MANUEL ZUBIA-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1930-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hector Manuel Zubia-Martinez appeals the 46-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Zubia-Martinez contends that the sentence is substantively unreasonable because it was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). He argues that the guidelines range was too severe because it overstated the seriousness of his 22-year-old conviction and failed to account for his personal history and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

characteristics, specifically, the influence of alcohol on many of his prior offenses and his serious health issues.

Although Zubia-Martinez acknowledges that we apply plain error review when a defendant fails to object to the reasonableness of the sentence imposed in the district court, he also seeks to preserve the issue for further review. Because Zubia-Martinez did not object to the substantive reasonableness of his sentence in the district court, plain error review applies. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

"When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the . . . § 3553(a) factors, we will give great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

Zubia-Martinez contends that the presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 is not empirically based and therefore produces a sentencing range too high to fulfill § 3553(a)'s goals. He concedes that his argument is foreclosed by circuit precedent but seeks to preserve the issue for further review. As Zubia-Martinez concedes, we have consistently rejected his "empirical data" argument. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).

The district court considered Zubia-Martinez's request for a downward variance and ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Zubia-Martinez's assertions that the age of his prior conviction and his medical condition justified a lower sentence are

insufficient to rebut the presumption of reasonableness. *See United States v. Rodriguez*, 660 F.3d 231, 233-34 (5th Cir. 2011) (holding that the staleness of a prior conviction used in the proper calculation of a guidelines range does not render a sentence substantively unreasonable and does not preclude a presumption of reasonableness); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008) (determining that a below-guidelines sentence was not warranted for a defendant who suffered from sickle cell anemia, Hepatitis C, blackouts, and upper respiratory illness). Therefore, Zubia-Martinez has failed to show that his 46-month within-guidelines sentence is substantively unreasonable, and there is no reversible plain error. *See Campos-Maldonado*, 531 F.3d at 339. The district court's judgment is AFFIRMED.